Approved: _____
Lindsey Keenan
Assistant United States Attorney

Before:   THE HONORABLE ANDREW E. KRAUSE
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - x      20 MJ 12803

UNITED STATES OF AMERICA            :    **COMPLAINT**

          - v. -                    :    Violations of
                                         18 U.S.C. §§ 922(g)(1)
SAMUEL TURNER,                      :    and 2

              Defendant.            :    COUNTY OF OFFENSE:
                                         DUTCHESS

- - - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

CALEB TAYLOR, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation, and charges as follows:

COUNT ONE

1. On or about November 16, 2020, in the Southern District of New York, SAMUEL TURNER, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit: a Taurus model PT 1911 AR .45 caliber pistol, and the firearm was in and affecting interstate commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Special Agent with the FBI Hudson Valley Safe Streets Task Force, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and records. Because this affidavit is

2

being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

       3.   I have reviewed a report prepared by the Town of Fishkill Police Department (the "TFPD"), and I have learned that on or about November 5, 2020, the TFPD responded to a report of a fight in the parking lot of a hotel in Fishkill, New York (the "Hotel").  At the Hotel, a TFPD Detective spoke to a witness ("Witness-1"), who stated, in substance and in part, that Witness-1 had a romantic relationship with SAMUEL TURNER, the defendant.  According to Witness-1, Witness-1 and TURNER had a domestic dispute and each were leaving the Hotel in the company of other people, when TURNER had an argument with Witness-1's escort.  Witness-1 further stated, in substance and in part, that TURNER possessed a black and silver handgun, which he previously mentioned to Witness-1 in a threatening manner.  According to Witness-1, TURNER kept the handgun in a backpack that he took with him when leaving the Hotel.

       4.   I have reviewed criminal history records pertaining to SAMUEL TURNER, the defendant, and learned that on or about March 9, 2016, TURNER was convicted of participating in a conspiracy to distribute mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, which is a felony punishable by imprisonment for more than one year. Based on my review of the criminal history records, I am aware that on or about July 7, 2016, TURNER was sentenced to twenty-four months' imprisonment, and 60 months' supervised release.

       5.   I have spoken to a Probation Officer from the Probation Department for the United States District Court for the Southern District of New York ("Officer-1"), and I have learned the following, in substance and in part:

       a.   SAMUEL TURNER, the defendant, commenced supervised release on or about May 10, 2017, and has been supervised by Officer-1 since on or about June 20, 2018.

       b.   TURNER's supervised release has numerous conditions, including that while on supervised release, he (i) may not possess a firearm or ammunition, and (ii) must submit

3

his person, residence, place of business, vehicle, and any property or electronic device under his control to search on the basis that his probation officer has reasonable suspicion that contraband or evidence of a violation of supervised release may be found.

        c.    On or about November 5, 2020, Officer-1 spoke to Witness-1, and Witness-1 recounted the events set forth in Paragraph 3, above. Because Witness-1 reported that TURNER had a firearm, Officer-1 decided to conduct a search of TURNER's residence.

        d.    On or about November 10, 2020, Officer-1 spoke to TURNER. According to Officer-1, TURNER stated, in substance and in part, that he moved out of the Hotel and was staying with a friend at a residence in Poughkeepsie, New York (the "Poughkeepsie Residence").

        e.    On or about November 16, 2020, with the assistance of additional Probation Officers, Officer-1 conducted a search of the Poughkeepsie Residence. Among other things, the Probation Officers seized a black and silver Taurus model PT 1911 AR .45 caliber pistol, loaded with six rounds of ammunition, and a machete.

        f.    Following the search of TURNER's residence, TURNER was placed under arrest, and provided *Miranda* warnings. After TURNER was *Mirandized*, he was transported to the United States District Court for the Southern District of New York. According to Officer-1, he spoke to TURNER while waiting for his court appearance, and TURNER stated, among other things, that the firearm was his, and he kept the firearm for protection, not because he intended to use it to harm Witness-1.

        6.    Based on my review of a report prepared by a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, who is familiar with the manufacturing of firearms and ammunition, I know that the Taurus model PT 1911 AR .45 caliber pistol was manufactured in Brazil.

4

      WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of SAMUEL TURNER, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

    /s/ Caleb Taylor (by AEK, with permission)
    (credentials inspected: FBI # 27060)
    _____
    Caleb Taylor
    Special Agent

Sworn to before me through the transmission
of this Complaint by reliable electronic
means, pursuant to Federal Rule of Criminal
Procedure 4.1 this
1st day of December, 2020

By FaceTime

_____
THE HONORABLE ANDREW E. KRAUSE
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK